STATE EX REL. ARRINGTON *v.* BD. OF SUPERVISORS PERRY COUNTY.

June 14, 1954

No. 39390      67 Adv. S. 109      73 So. 2d 169

*E. C. Fishel, Dudley W. Conner*, Hattiesburg, for appellant.

*Harmon D. Young*, New Augusta, for appellee.

Kyle, J.

This case is before us on appeal by the complainant from a decree of the Chancery Court of Perry County dismissing the bill of complaint filed by Lawrence Arrington, District Attorney for the Twelfth Judicial District, for and on behalf of the school districts in supervisors' districts Nos. 1, 4 and 5 of said county, against the board of supervisors of said county, seeking to compel the board of supervisors to restore certain funds paid over to the county by the state treasurer under authority of Chapter 269, Laws of Mississippi, 1950, and Chapter 195, Laws of Mississippi, 1952, as the county's share of the moneys received from the Federal Government on account of national forest lands in Mississippi, and alleged to have been wrongfully expended by the board of supervisors, and to compel the board of supervisors to reallocate said funds for expenditure on the public roads of the above mentioned school districts on the basis of the road mileage of each school district.

The record shows that the national forest lands of Perry County consist of 160,253 acres. The lands are situated in supervisors' districts Nos. 1, 4 and 5, and constitute parts of five consolidated school districts. The school districts referred to are the Janice Consolidated School District and the Deep Creek Consolidated School District, which lie wholly within Supervisor's District No. 5; the Beaumont Consolidated School District, which lies wholly within Supervisor's District No. 4; the McLain Consolidated School District, which is a line school district lying partly in Supervisor's District No. 4 and partly in an adjoining county; and the New Augusta Consolidated School District, which embraces and includes all of the territory in Supervisor's District No. 1 and approximately 15,000 acres of land in Supervisor's District No. 2. There are no national forest lands in Super-

visor's District No. 2 or in Supervisor's District No. 3. The record shows that each of the five supervisors' districts constitutes a separate road district.

The county's share of the funds received from the national forest lands for the year 1950 was $17,690.24; for the year 1951, $22,168.70; for the year 1952, $31,900.04; and for the year 1953, $30,378.77. Fifty per cent of the funds received for each of those years was expended for the benefit of the public schools, as provided in Chapter 269, Laws of 1950, and Chapter 195, Laws of 1952. The remaining fifty per cent of the funds received for the year 1950 was expended by the board of supervisors for road purposes in the school districts within which the national forest lands were located. The remaining fifty per cent of the funds received for the year 1951 was divided equally among the three supervisors' districts (road districts) Nos. 1, 4 and 5, and was expended for road purposes in said districts. The remaining fifty per cent of the funds received for the year 1952 was allocated for expenditure on the public roads as follows: The sum of $900 was allocated to Supervisor's District No. 2, and the balance of said funds was divided equally among the three supervisors' districts (road districts) Nos. 1, 4 and 5. The remaining fifty per cent of the funds received for the year 1953 had not been allocated or expended at the time of the filing of the bill of complaint in this cause; and the money was impounded to await the decision of the court on the issues involved herein.

The complainant alleged in his bill of complaint that the fifty per cent of the funds which had been allocated by the board of supervisors for expenditure on the public roads had been arbitrarily divided equally among the three supervisors' districts (road districts) in which the national forest lands were located, without regard to the law which required that the division be made for the benefit of the public roads of the school districts within which the national forest lands are located, and that the funds should be restored and reallocated for expenditure

on the public roads in the several school districts on the basis of the number of miles of public roads, other than state maintained highways, in each such district, or on the basis of the number of acres of national forest lands in each such district. The defendants in their answer denied that the law required that the funds be expended for the benefit of the public roads of the several school districts on a mileage basis, or that the funds be apportioned to the several road districts in which the forest lands are located upon the basis of the number of acres of forest lands in each such district.

The cause was heard before the chancellor in vacation upon the pleadings and an agreed statement of facts; and at the conclusion of the hearing the chancellor entered a decree denying the relief prayed for and dismissed the bill of complaint.

██ Two questions were presented for our decision on this appeal: (1) Whether the chancellor erred in refusing to order that the funds expended by the board of supervisors under the provisions of the above mentioned statutes for the benefit of the public roads, during the years 1950, 1951, and 1952, be restored, or repaid into the county depository, and be reallocated and expended in the several school districts in which the national forest lands are located in proportions according to the road mileage of each such district; and (2) whether the chancellor erred in refusing to order the board of supervisors to apportion the funds allocated for expenditures for the benefit of the public roads, for the year 1953, among the three supervisors' districts, or road districts, in which the national forest lands are located, on the basis of national forest land acreage in each district.

We think that both of those questions must be answered in the negative.

The contention of the appellant that the national forest land funds allocated by the board of supervisors for expenditure on the public roads during the years 1950

and 1951 should have been allocated among the school districts in which the national forest lands were located according to the road mileage in each of the several school districts, and that the funds allocated by the board of supervisors for expenditure on the public roads during the years 1952 and 1953 should have been apportioned to the three supervisors' districts (road districts) in which the national forest lands are located on the basis of the national forest land acreage in each of said districts, finds no legal basis of support in the Federal statute or the State statutes.

The federal statute, Section 500, Title 16, United States Code Annotated, merely provides that the funds shall be expended "as the State legislature may prescribe for the benefit of the public schools and public roads of the county or counties in which such national forest is situated: Provided, That when any national forest is in more than one state or county the distributive share to each from the proceeds of such forest shall be proportional to its area therein." Neither school districts nor road districts are mentioned in the federal statute.

The State statute, Section 6044, Code of 1942, as amended by Chapter 269, Laws of 1950, which was in effect during the years 1950 and 1951, provided that the moneys paid to the State by the United States should be apportioned by the state treasurer to the several counties in which the national forest lands were located in proportion to the area of such national forest lands in each; and the statute then provided as follows:

"The several sums so apportioned to each county shall be paid over by the state treasurer to the county depository within sixty (60) days after receipt thereof and fifty per cent (50%) of such funds received by the county shall be expended for the benefit of the public schools, and fifty per cent (50%) of such funds received shall be expended for the benefit of public roads, of the school

districts within which national forest lands may be located.''

The statute, as amended again by Chapter 195, Laws of 1952, provides as follows:

''The several sums so apportioned to each county shall be paid over by the state treasurer to the county depository within sixty (60) days after receipt thereof, and fifty per cent (50%) of such funds received by the county shall be expended for the benefit of the public schools, and the remaining fifty per cent (50%) of such funds shall, in the discretion of the board of supervisors, be expended for the benefit of the public roads or of the public schools of the school districts within which national forest lands may be located.''

It can be readily seen that Chapter 269, Laws of 1950, did not require the board of supervisors to allocate the funds which were to be used for the benefit of the public roads among the school districts in which the national forest lands were located according to the road mileage in each of the several school districts. Nor did the legislature, when it amended the statute at the 1952 session, so as to authorize the board of supervisors to expend the remaining fifty per cent (50%) of the funds received ''for the benefit of the public roads or of the public schools of the school districts within which national forest lands may be located,'' require that the funds expended on the public roads be apportioned among the several road districts in which the national forest lands were located according to the forest land acreage in each district.

The appellant contends, however, that the allocation of the sum of $900 to Supervisor's District No. 2 was unauthorized, for the reason that none of the national forest lands were located in Supervisor's District No. 2. The record shows, however, that the New Augusta Consolidated School District, which contains 44,160 acres of forest lands, lies partly within Supervisor's District No.

2, and that there are 40 miles of road in that part of the New Augusta School District which lies within Supervisor's District No. 2; and, in view of the provisions of the 1952 amendment, we are unable to say that the allocation of $900 of the funds received that year for expenditure on the public roads of Supervisor's District No. 2 represents an unauthorized expenditure of the funds or an abuse of the discretion vested in the board of supervisors.

The legislature, by the enactment of Chapter 195, Laws of 1952, has vested in the board of supervisors the authority to determine how the funds allocated for expenditure for the benefit of the public roads shall be expended. The legislature, as we have already stated, has not seen fit to require that the funds be apportioned to the several road districts or school districts in which the national forest lands are located according to the forest land acreage of each such district, and in the absence of such statutory requirement the court has no authority to compel the board of supervisors to apportion the funds in that manner.

The decree of the lower court is therefore affirmed. Affirmed.

*Roberds, P. J.*, and *Hall, Arrington* and *Ethridge, JJ.*, concur.